**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MACROSOLVE, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:13-CV-672 |
| HOME BOX OFFICE, INC., | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendant, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1.      MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2.      Defendant Home Box Office, Inc. ("HBO") is a Delaware corporation. HBO is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas.  Accordingly, HBO can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State.  HBO's home, home office, and principal office address is 1100 Avenue of the Americas, New York, NY 10036.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35

U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction

of the action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

Upon information and belief, the defendant has transacted business in this district and has

committed, by itself or in concert with others, acts of patent infringement in this district.

5.      The defendant is subject to this Court's specific and general personal

jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the

defendant's substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and

services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

6.      On October 26, 2010, United States Patent No. 7,822,816 ("the '816

patent") was duly and legally issued by the United States Patent and Trademark Office for

an invention entitled "System and Method for Data Management."

7.      MacroSolve is the owner of the '816 patent with all substantive rights in

and to that patent, including the sole and exclusive right to prosecute this action and

enforce the '816 patent against infringers, and to collect damages for all relevant times.

8.      HBO, directly or through its customers and/or intermediaries, made, had

made, used, imported, provided, supplied, distributed, sold, and/or offered for sale

products and/or systems (including at least the HBO Go mobile app(s) product and/or

service) that infringed one or more claims of the '816 patent.

9.      HBO has and is directly infringing the '816 patent.

10.      HBO has and is indirectly infringing the '816 patent, both as an inducer of

infringement and as a contributory infringer.

11.      HBO infringes directly both (1) through its own use of its mobile app(s) and

(2) through the joint use of its mobile app(s) by it and its customers.  Regarding point (2),

MacroSolve alleges that HBO and its customers are joint infringers because (a) HBO is

vicariously liable for its customers' use of its mobile app(s) because HBO was the entity

responsible for the design of the app (including by having its agents design the app) and

HBO encourages its customers to use its mobile app(s); and alternatively because (b) HBO

and its customers have acted in concert to use the HBO mobile app(s) in a way that

performs the steps of the claimed method.  Direct infringement also occurs when HBO

performs certain steps of the claimed methods and its customers perform others (for

example, when HBO performs claim 1's steps (a), (b), and (d) and HBO's customers

perform the remainder of the steps) where HBO's customers are under the direction or

control of HBO and HBO is acting as a mastermind.

12.      HBO's customers also commit acts of direct infringement when they

download and use the HBO mobile app(s).  They do so because their use of the mobile

app(s) performs each step of the claimed methods (including by putting into operation and

causing the HBO servers to perform certain actions such as steps (a), (b), and (d) of claim

1 of the patent-in-suit in response to commands sent from the mobile app(s)).

13.    HBO has both induced and contributed to the underlying direct

infringement of the '816 patent by HBO's customers or by the joint action of HBO and its

customers.  The direct infringement underlying the indirect infringement claims consist of

the direct infringement by its customers or by HBO and its customers, as described above.

14.    HBO induces its customers to use the HBO mobile app(s).  HBO's

distribution and promotion of the HBO mobile app(s) has no other purpose but to cause its

customers to download and use it. HBO encourages its customers to download and use its

mobile app(s), including, for example, on its website and on the app's listing in app stores.

15.    HBO has contributed to the infringement of the '816 patent by making its

mobile app(s) available for download and by operating servers (or having its agents

operate servers) that can communicate with the mobile app(s), and that can be put into use

and operation by HBO's customers through the use of the mobile app(s).

16.    HBO's mobile app(s) has features that have no substantial uses other than

the uses that are alleged to infringe the '816 patent.  Specifically, the features of the HBO

mobile app(s) that allow information to be collected from the user of the mobile device and

then uploaded to the HBO servers have no substantial use other than infringing the patent-

in-suit.  The use of these features of HBO's mobile app(s) for their intended purpose

necessarily results in infringement of the '816 patent.

17.    HBO has or will have knowledge of the '816 patent, as well as the fact that

its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the

filing of this lawsuit.  Additionally, when it launched its mobile app(s), HBO took

inadequate steps to determine whether it would be infringing the intellectual property

rights of others, such as MacroSolve, and thus was willfully blind to the existence of the

'816 patent. HBO thus induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

a. Judgment that one or more claims of the '816 patent have been infringed, either literally and/or under the doctrine of equivalents, by the defendant and/or all others acting in concert therewith;

b. A permanent injunction enjoining the defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

c. Judgment that the defendant account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendant's infringing activities and other conduct complained of herein;

d. That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 12, 2013

Respectfully submitted,

/s/ Califf T. Cooper
Matthew J. Antonelli (lead attorney)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

*Attorneys for MacroSolve, Inc.*